**Christopher CONLON, Plaintiff–Appellant,**

v.

**William AUSTIN, Defendant–Appellee.**

**Docket No. 01–9280.**

United States Court of Appeals,
Second Circuit.

Oct. 10, 2002.

Norman A. Pattis, Williams and Pattis, LLC, New Haven, CT, for Appellant.

John B. Farley, Halloran & Sage LLP (James M. Sconzo, Ralph W. Johnson, III, on the brief), Hartford, CT, for Appellee.

Present ROGER J. MINER, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Connecticut (Dorsey, J.), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Plaintiff Christopher Conlon ("plaintiff") appeals from a judgment of the United States District Court for the District of Connecticut (Dorsey, J.) granting defendant William Austin's ("defendant") motion for summary judgment. Plaintiff, a lieutenant in the West Hartford Fire Department, sued defendant, the West Hartford fire chief, in his individual capacity under 42 U.S.C. § 1983, alleging violations of plaintiff's constitutional rights of freedom of speech and equal protection. We review de novo the district court's grant of summary judgment to determine whether there exist any genuine issues of material fact to be tried. Fed.R.Civ.P. 56(c); Milanese v. Rust–Oleum Corp., 244 F.3d 104, 109 (2d Cir.2001).

Plaintiff alleges that in retaliation for complaints he lodged regarding racist and sexist remarks that defendant allegedly made while conducting an officers' meeting, defendant, inter alia, (1) arbitrarily ordered plaintiff and his crew to stow a hose without assistance at the scene of a dangerous fire; (2) refused to commend plaintiff for his performance during another emergency, despite the recommendation of a fellow officer; and (3) placed a number of negative memoranda in plaintiff's pending file. To sustain a First Amendment retaliation claim, plaintiff must establish by a preponderance of the evidence that "(1) his speech was constitutionally protected, (2) he suffered an adverse employment decision, and (3) a causal connection exists between his speech and the adverse employment determination against him, so that it can be said that his speech was a motivating factor in the determination." Gorman–Bakos v. Cornell Co-op Extension of Schenectady County, 252 F.3d 545, 553 (2d Cir.2001).

We agree with the district court that, while plaintiff's complaints were protected speech, he has failed to raise a genuine issue that any of these alleged actions by defendant constituted adverse employment decisions as defined by this Court. See Lovejoy–Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 223 (2d Cir.2001) ("We have defined adverse employment action broadly to include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand [in addition to certain] lesser actions.") (quotation marks omitted). Although we acknowledged in Phillips v. Bowen, 278 F.3d 103 (2d Cir. 2002), that "a combination of seemingly minor incidents" could "form the basis of a constitutional retaliation claim," id. at 109, the incidents alleged here do not rise to the level of a "pattern of nearly constant harassment" necessary to sustain such a claim, id. at 108. Moreover, plaintiff has produced no evidence, beyond speculation, that defendant maintained a pending file on him or that defendant instructed anyone else to do so. "Although all inferences must be drawn in favor of the nonmoving party [on a motion for summary judgment], mere speculation and conjecture is insufficient to preclude the granting of the motion." Harlen Assocs. v. Incorp. Village of Mineola, 273 F.3d 494, 499 (2d Cir.2001).

■ Plaintiff also alleges that defendant violated his Fourteenth Amendment equal protection rights by (1) maintaining a pending file on him; (2) affording him short notice of transfer to another station; and (3) ordering him out of a union meeting (which he was attending while on duty) and back to the fire station. The right of equal protection "is violated when the state distinguishes between individuals based on unreasonable, arbitrary, or capricious differences that are irrelevant to a legitimate government objective." *Bernheim v. Litt*, 79 F.3d 318, 323 (2d. Cir.1996) (quotation marks omitted). In an equal protection claim brought by a "class of one," a violation is established when it is shown that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Plaintiff has produced no evidence that he was singled out by defendant from an identifiable group; in some cases, plaintiff has failed to show that the alleged actions are even attributable to defendant. He has therefore failed to raise a genuine issue of material fact to survive summary judgment on his equal protection claim.

We have considered plaintiff's other arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.